IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CANDICE PRUZNICK,

          Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

          Defendant.

Case No. 15-CV-575-JED-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Candice Pruznick, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's November 23, 2012, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") David W. Engel was held January 24, 2014. By decision dated February 27, 2014, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 17, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 31 years old on the alleged date of onset of disability and 33 years old on the date of the ALJ's denial decision  She has a ninth grade education, obtained a General Equivalency Diploma and received training as a medical assistant. She formerly worked as a storage facility worker, customer service representative, hotel clerk, cashier, and sales attendant. She claims to have been unable to work since November 11, 2011 as a result of degenerative disc disease of the lumbar spine and bilateral ankle pain.

## The ALJ's Decision

The ALJ determined that with respect to the activities of lifting, carrying, pushing, and pulling Plaintiff is limited to light and sedentary exertion work. With respect to the activities of walking or standing, she is limited to a combined total of two hours. She is able to sit for six hours of an 8-hour workday with regular work breaks. She has some additional postural limitations and is unable to perform tasks requiring overhead reaching more than occasionally and is unable to perform tasks requiring the use of foot pedals more than occasionally. [R. 37]. Although Plaintiff is unable to perform her past relevant work, based

on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to consider her mental impairments, the ALJ's residual functional capacity (RFC) finding is internally inconsistent and none of the jobs comply with the RFC, and the ALJ failed to perform a proper credibility determination.[2]

### **Analysis**

#### Consideration of Mental Impairments

With regard to Plaintiff's claims of a mental impairment, the ALJ stated:

> The claimant alleges disability due to anxiety and depression; however, there is no medical evidence in the file to confirm a mental impairment of any kind. Therefore, available medical evidence does not support these allegations. Additionally, the claimant's initial application only stated physical impairments and no mental. Thus, the undersigned finds that the claimant's alleged depression and anxiety are not severe.

[R. 36]. Plaintiff argues that the ALJ erred because he did not perform the psychiatric review technique (PRT)[3] in addressing her alleged mental impairment. Plaintiff states that

---

[2] The undersigned has not addressed Plaintiff's assertion, made for the first time in her reply brief, [Dkt. 14, pp. 1-2], that the ALJ failed in his duty to develop the record. Issues first raised in a reply brief are waived. *See Martin K. Eby Const. Co., Inc. v. OneBeacon Ins. Co.*, 777 F.3d 1132, 1142 (10th Cir. 2015) (citing *M.D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 768 n. 7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.")).

[3] When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is
(continued...)

it was not accurate for the ALJ to say that the medical evidence does not confirm the existence of anxiety and depression because she was prescribed the drug Paxil in June 2013. [R. 390].

The entire medical record concerning Plaintiff's alleged mental impairments consists of a June 18, 2013, note where she was prescribed Paxil for anxiety, [R. 390], and a follow-up visit on July18, 2013, where it is noted that Plaintiff is doing well on Paxil. [R. 374]. The medical records do not contain any suggestion that Plaintiff has work-related mental functional limitations. Never-the-less the undersigned observes that, although the ALJ did not include mental limitations in the RFC finding, his hypothetical question to the vocational expert included a limitation to the performance of work which required the ability to "understand, remember, and carry out simple to moderately detailed instructions only." [R. 86]. Plaintiff has not demonstrated that the record supports further mental limitations. Accordingly, even if it were error for the ALJ to have failed to perform a PRT analysis, such error was harmless as there is no reason to believe that a remand for the ALJ to provide a PRT analysis would lead to a different result. No principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless there is reason to believe that the remand might lead to a different result. *See Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013).

---

[3] (...continued)
required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C).

Consistency of RFC Finding

Plaintiff asserts that the ALJ's RFC finding is internally inconsistent because the ALJ found that Plaintiff could perform the lifting and carrying requirements of light work, but could not perform the standing and walking requirements of that work.  There is nothing in the regulations or case law to prevent an ALJ from making a finding that Plaintiff can lift and carry more weight than required of sedentary work, but cannot perform the walking and standing requirements of most light exertional level jobs.

Plaintiff points out that the hypothetical question to the vocational expert contained a limitation on the complexity of instructions that was not contained in the RFC.  According to Plaintiff, the jobs identified are precluded by the limitation contained in the hypothetical question.  Plaintiff's argument is not supported by the record.  Plaintiff's brief contains an inaccurate recitation of the limitation contained in the ALJ's hypothetical question. [Dkt. 14, p. 5].  The ALJ stated the limitation in the hypothetical question as follows:

> You can assume an individual able to understand, remember, and carry out simple to moderately detailed instructions only. No detailed, complex instructions *on a sustained basis*.

[R. 86].  [emphasis supplied].  Plaintiff' quotation of the hypothetical question left off the qualifier, "on a sustained basis." [Dkt. 14, p. 5].

The vocational expert testified that, based on the restriction of simple and some complex instructions, she limited the jobs to a SVP[4] of 2 or 3.  [R. 87].  Plaintiff's argument

---

[4] SVP stands for specific vocational preparation and refers to the time required by a typical worker to learn to perform the job.  The training for SVP may be acquired in a school, work, military, institutional, or vocational environment, but does not include the time for a fully qualified worker to become oriented to the special conditions of a new job.  DOT, Appendix C–Components of the Definition Trailer, Specific Vocational Preparation, 1991 WL 688702.  The DOT rates the SVP for jobs from 0 to 9, with 9 being the most time to learn the job.  SVP 2 is anything beyond short demonstration up to and including one month.  SVP 3 is over
(continued...)

that the jobs identified by the vocational expert do not match the hypothetical question is based on the unsupported premise that she was limited to simple work without any detailed or complex instructions. As reflected in the accurately quoted text of the hypothetical question, Plaintiff was not so limited. The undersigned finds no error in the ALJ's reliance on the testimony of the vocational expert.

Reaching Restriction

Plaintiff argues that some of the jobs identified are excluded by the RFC because they require frequent reaching. There is no merit to this argument. The RFC did not limit all reaching, only overhead reaching was addressed. "She is unable to perform tasks requiring overhead reaching more than occasionally." [R. 37]. The DOT descriptions of the jobs identified address reaching, but refer to reaching in any direction. Nothing in the DOT job descriptions indicates whether any overhead reaching is required. In a similar circumstance, the Tenth Circuit recognized that given the broad definition of reaching, it was unclear what kind of reaching a job required but noted that even a job requiring frequent reaching would not necessarily require more than occasional overhead reaching. The Court reasoned that where, as here, the vocational expert was aware of the claimant's limitations on overhead reaching, the vocational expert's testimony did not conflict with the DOT, but clarified how the broad classifications applied to the individual case. *Segovia v. Astrue*, 226 Fed.Appx. 801, 804 (10th Cir. 2007).

---

[4] (...continued)
one month up to and including 3 months. *Id.*

6

Credibility

Credibility determinations are the province of the ALJ as factfinder. The court will not upset such findings if they are supported by substantial evidence and if they are closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010). The ALJ is not required to make a formalistic factor-by-factor recitation of the evidence as long as the specific evidence relied on in evaluating credibility is set forth. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

The ALJ limited Plaintiff to walk/standing a total of two hours per workday and included postural limitations in consequence of her complaints of back and ankle pain. The ALJ found that Plaintiff's claims of totally disabling pain of a severity to preclude her from all work activity were not credible. [R. 40-41]. The ALJ noted the medical evidence does not substantiate Plaintiff's allegations of disabling pain, she did not seek mental health treatment, her daily activities are not consistent with her claims, and she did not have a strong work history. *Id.* These are appropriate considerations. *See* 20 C.F.R. §§ 404.1529(c)(3), 20 C.F.R. 416.929(c)(3). The undersigned finds that the ALJ applied the correct legal standard, tied his findings to the evidence, and the findings are supported by substantial evidence.

**Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's

7

decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before December 19, 2016.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 5th day of December, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

8