# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANDICE PRUZNICK, | ) |
| | ) |
| Plaintiff, | ) Case No. 15-CV-575-JED-FHM |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the Report & Recommendation (R&R) (Doc. 22) of United States Magistrate Judge Frank H. McCarthy on review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying the plaintiff, Candice Pruznick, disability benefits. Judge McCarthy recommends that the Court affirm the Commissioner's decision finding plaintiff not disabled. Ms. Pruznick filed Objections to the R&R, and she requests that the Court "reverse and/or remand." (Doc. 23). The Court has reviewed the record (Doc. 11) and the plaintiff's Objections, de novo.

**I.  Background**

Following a hearing before the Administrative Law Judge (ALJ), the ALJ rendered his decision dated February 27, 2014. (Doc. 11 at 33-44). The ALJ found that Mr. Pruznick was disabled from November 11, 2011 through the date of decision and that she met the requirements for insured status. The ALJ determined that Ms. Pruznick had severe impairments of degenerative disc disease of the lumbar spine and bilateral ankle pain. The ALJ noted that Ms. Pruznick's initial

---

[1]  Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), the Court Clerk is directed to substitute Nancy A. Berryhill as the defendant in this matter in place of former Commissioner Carolyn W. Colvin.

application only asserted physical impairments and no mental impairments, and he found that her "alleged depression and anxiety are not severe" because the medical evidence did not "confirm a mental impairment." (*Id.* at 40).

The ALJ noted that Ms. Pruznick was 30 years of age at the alleged onset date of disability (November 11, 2011), she has a ninth grade education with additional training as a medical assistant, and she has past relevant work inclusive of hotel clerk, retail sales, storage facility manger, and home health aide. The ALJ further assessed Ms. Pruznick's residual functional capacity (RFC) as follows:

> With respect to lifting, carrying, pushing, and pulling, she is limited to light and sedentary exertion work. With respect to walking or standing, she is limited to 2 hours (combined total) of an 8-hour workday, with regular work breaks. She is able to sit for 6 hours (combined total) of an 8-hour workday, with regular work breaks. She is able to climb ramps or stairs only occasionally, is able to bend, stoop, kneel, crouch, and crawl not more than occasionally and is unable to climb ropes, ladders, and scaffolds, or work in environments where she would have be [sic] exposed to unprotected heights and dangerous moving machinery parts. She is unable to perform tasks requiring overhead reaching more than occasionally and is further unable to perform tasks requiring the use of foot pedals more than occasionally.

(Doc. 11 at 40-41). Upon considering Ms. Pruznick's age, education, work experience, and RFC, the ALJ found that there are jobs in significant numbers in the national economy that she can perform. (*Id.* at 46-47). The ALJ then relied upon the vocational expert's testimony that such jobs include semi-conductor bonder, food and beverage order clerk, and circuit board assembly. (*Id.* at 47-48). Thus the ALJ concluded that Ms. Pruznick was not under a disability. (*Id.* at 48). The Appeals Council subsequently denied Ms. Pruznick's request for review (*id.* at 5-8), and this appeal followed.

## II.    Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

The Court's task of reviewing the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "It is 'more than a scintilla, but less than a preponderance.'" *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castas v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

### III.   Discussion of the Objections

#### A.   Consideration of Mental Impairments

As noted, the ALJ found that the medical record did not support a finding of severe depression and anxiety. In her Objections, plaintiff argues that Judge McCarthy improperly "attempted to shift the ALJ's duty to develop the record back to plaintiff" at step five and erred in finding the ALJ's failure to discuss the Psychiatric Review Technique (PRT) to be harmless. (Doc. 23 at 2). The Court disagrees. Judge McCarthy accurately noted that the ALJ considered plaintiff's allegations of depression and anxiety and found any alleged anxiety and depression were not severe. (*See* Doc. 11 at 40, 42). Judge McCarthy also correctly referenced the few notes in the record in 2013 in which plaintiff was prescribed Paxil for anxiety and was noted to be doing well on Paxil. The medical records note that, shortly after she started taking Paxil, she was handling situations better and not feeling as upset. (*Id.* at 392).

Upon review of the entire record, the Court also agrees with Judge McCarthy's determination that the medical records do not suggest any work-related mental functional limitations. In fact, Ms. Pruznick testified only that she had "some depression," she denied crying spells or suicidal thoughts, and she testified that the main barrier keeping her from working was her back. (*Id.* at 83-84). The record also supports Judge McCarthy's alternative determination that, even had the ALJ erred in failing to perform a PRT analysis, such error was harmless as the record does not support any mental limitations beyond those contained in the hypothetical limitations provided to the vocational expert. (Doc. 22 at 4; *see* Doc. 11 at 83-86).

B. **Credibility**

Ms. Pruznick also alleges that the ALJ did not properly evaluate her credibility because there are records supporting her assertions of pain. (Doc. 23 at 3). The ALJ explained the reasons he found that certain of Ms. Pruznick's statements concerning the "intensity, persistence and limiting effects of [her] symptoms are not entirely credible . . . and do not appear entirely true." (Doc. 11 at 40). The ALJ further explained that his credibility finding was based on inconsistencies in Ms. Pruznick's reports of normal daily activities and the fact that physical examination did not suggest any prominent impairment in ability to perform full time work activities. (*Id.* at 41). In addition, in his RFC determination, the ALJ did include limitations with respect to walking and standing and postural limitations as a result of the back and ankle pain. (*Id.* at 40-41). The ALJ's credibility findings are supported by the record, and the Court accords them deference. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995); *see also Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013) (citation omitted) ("Credibility determinations are peculiarly the province of the finder of fact" and will not be upset where they are supported by and "closely and affirmatively linked to" substantial evidence).

**IV.     Conclusion**

Having found no reversible error in the ALJ's decision, upon concluding that the ALJ applied the correct legal standards and his decision is supported by substantial record evidence, and agreeing with Judge McCarthy's R&R, the Court overrules Ms. Pruznick's Objections (Doc. 23). Accordingly, the Court **accepts** the R&R (Doc. 22) and the recommendation that the Commissioner's decision finding plaintiff not disabled be affirmed. Accordingly, the Commissioner's decision is **affirmed**.

A separate Judgment will be entered forthwith.

DATED this 6th day of March, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE